ATTACHMENT 2

Megan L. McFarland
ISB#: 7976
COZEN O'CONNOR
1201 Third Ave., Suite 5200
Seattle, WA 98101-3071
Tel: (206) 340-1000
Fax: (206) 621-8783
Email: mmcfarland@cozen.com

Attorney for Plaintiff

STATE OF IDAHO ) ss
COUNTY OF KOOTENAI )

2012 JAN 26 AM 10: 46

CLERK DISTRICT COURT

_____
DEPUTY

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

AMCO INSURANCE COMPANY, a/s/o
Watkins Distributing Sales & Service,

Plaintiff,

v.

CONTRACTORS NORTHWEST, INC. and
T&T ROOFING AND SHEET METAL, INC.,

Defendants.

No. CV2012-849

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff AMCO Insurance Company as subrogee of Watkins Distributing Sales & Service, by and through its attorneys of record, and complaining against Contractors Northwest, Inc. and T&T Roofing and Sheet Metal, Inc., states as follows:

## PARTIES

1. Plaintiff AMCO Insurance Company (hereinafter "Plaintiff") is an insurance company authorized to do business in the State of Idaho with its place of incorporation and principal place of business in a state other than Idaho.

2. Upon information and belief, Defendant Contractors Northwest, Inc. (hereinafter "CNW") is a Washington corporation authorized to do business in Idaho. CNW can be served

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

ASSIGNED TO JUDGE LUSTER
COPY

11

via its registered agent, D. Dean Haagenson at N. 3731 Ramsey Road in Coeur D'Alene, Idaho 83815.

3. Upon information and belief, Defendant T&T Roofing and Sheet Metal, Inc. (hereinafter "T&T") is an Idaho corporation. T&T can be served via its registered agent Barbara A. Tolley at E 6065 French Gulch Road in Coeur D'Alene, Idaho 83814.

### JURISDICTION AND VENUE

4. Venue is proper pursuant to I.C. § 5-401.

5. Jurisdiction is proper pursuant to I.C. § 1-705.

### FACTUAL BACKGROUND

6. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

7. At all time relevant hereto, Plaintiff provided insurance coverage to Watkins Distributing Sales & Service (hereinafter "Watkins Distributing") which included coverage for its building and business property located at 701 W. Buckles Avenue in Hayden, Idaho (hereinafter the "Watkins Building").

8. Upon information and belief, CNW was the general contractor hired to construct the Watkins Building or certain portions of the Watkins Building.

9. During the construction of the Watkins Building, CNW was responsible for hiring any sub-contractors who performed work on the Watkins Building.

10. CNW retained T&T to install the membrane roof on the Watkins Building.

11. T&T installed the membrane roof on the Watkins Building.

12. On or about May 3, 2010, the Watkins Building's membrane roof failed which allowed water to leak into the Building (hereinafter the "Water Loss").

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

13. The failure of the Watkins Building's membrane roof was directly and proximately caused by the Defendants' negligence in the installation of the roof.

14. As a result of the failure of the membrane roof, the Watkins Building suffered water damage and water intrusion.

15. The roof failure caused other damage to the real and business property owned by Watkins Distributing.

16. Plaintiff made payments for the damages pursuant to the terms of its policy of insurance and is now subrogated to the interests of Watkins Distributing to the extent of the payments made.

17. The Water Loss and resulting damages would not have happened, but for the negligent acts, omission, and breaches of the Defendants as hereinafter described.

## COUNT I – NEGLIGENCE
### (CNW)

18. Plaintiff hereby incorporates and realleges the above paragraphs as if each were fully set forth herein.

19. Upon information and belief, through its employees, agents, subcontractors and/or servants, CNW installed and or supervised the installation of the Watkins Building's membrane roof.

20. CNW had a duty to supervise T&T and its other sub-contractors and to construct the Watkins Building, including its membrane roof, in a qualified, professional, and workmanlike manner that did not pose an unreasonable risk of danger to persons or property.

21. CNW breached its duty by *inter alia*:

    (a)    Improperly installing the Watkins Building's membrane roof;

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

(b) Failing to construct and/or install the Watkins Building's membrane roof in accordance with applicable codes or standards;

(c) Creating or permitting dangerous and/or defective conditions to exist at the membrane roof of the Watkins Building when CNW knew or should have known that such conditions would create an unreasonable risk of damage and destruction to the Watkins Building;

(d) Failing to hire and/or employ competent agents, servants, employees, vendors or subcontractors to install the membrane roof on the Watkins Building;

(e) Failing to properly supervise and instruct the activities of its agents, servants, employees, vendors or sub-contractors during the installation of the membrane roof on the Watkins Building;

(f) Failing to properly inspect the membrane roof on the Watkins Building in a thorough and workmanlike manner to insure that it was properly designed, constructed, installed and applied;

(g) Failing to properly and adequately inspect and supervise the construction, installation and application of the membrane roof on the Watkins Building by its agents, servants, employees, vendors or subcontractors and to make the necessary corrections and adjustments to such work, which inspections and tests would have revealed the existence of a dangerous and/or defective condition, and which corrections and adjustments would have remedied the same;

(h) Failing to warn of the dangerous and defective condition of the membrane roof on the Watkins Building which CNW knew or should have known existed and which created an unreasonable risk of harm to the Watkins Building and its contents; and

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

14

(i) Such other acts or omissions as discovery may disclose.

22. The aforementioned acts and omissions of CNW were a direct and proximate cause of the Water Loss and other damages suffered by Plaintiff.

23. As a direct and proximate result of CNW's negligence, Plaintiff suffered damages as hereinbefore averred in an amount in excess of $150,000.00.

## COUNT III – THIRD PARTY BENEFICIARY BREACH OF CONTRACT
### (CNW)

24. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

25. Upon information and belief, CNW built and oversaw the construction of the Watkins Building pursuant to a contract which was intended to and did directly and substantially benefit Watkins Distributing.

26. Upon information and belief, CNW was aware of the benefit to Watkins Distributing under the contract.

27. Watkins Distributing is a third-party beneficiary of the contract.

28. CNW breached its contract and the duties and obligations owed to CNW by, among other things:

(a) Failing to use reasonable skill and attention in its supervision and direction of the installation of the membrane roof on the Watkins Building;

(b) Failing to ensure the membrane roof on the Watkins Building was installed in a manner that satisfied the building codes and/or standards of municipalities and other government entities with jurisdiction over the construction of the Watkins Building;

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

/5

(c) Failing to take commercially reasonable measures to ensure the construction of the Watkins Building, including the construction and installation of its membrane roof, was completed in a workmanlike manner;

(d) Failing to act with due care in the performance of the construction contract;

(e) Failing to exercise its best skill and judgment;

(f) Failing to detect and correct the improper installation of the membrane roof on the Watkins Building;

(g) Failing to properly inspect and supervise the installation of the membrane roof on the Watkins Building;

(h) Failing to ensure that the membrane roof on the Watkins Building was installed in a manner that it did not fail in a foreseeable wind storm;

(i) Such other breaches of contract as discovery may disclose.

29. The aforementioned breaches of the contract by CNW was a direct and proximate cause of the damages suffered by Plaintiff.

30. As a direct and proximate result of CNW's breach of contract, Plaintiff suffered damages as hereinbefore averred in an amount in excess of $150,000.00.

## COUNT III - BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### (CNW)

31. Plaintiff hereby incorporates and realleges the above paragraphs as if each were fully set forth herein.

32. CNW provided an implied warranty that it constructed the Watkins Building in a workmanlike manner and in accordance with industry standards and applicable building codes.

33. CNW breached its implied warranty in that *inter alia*:

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

16

(a) The Watkins Building's membrane roof was improperly installed and was defective;

(b) CNW failed to act as a generally proficient builder engaged in similar work and performing under similar circumstances;

(c) The Watkins Building's membrane roof was not constructed and/or installed in accordance with applicable codes or standards;

(d) The Watkins Building's membrane roof was not installed in a workmanlike manner;

(e) As constructed, the Watkins Building was not sufficiently free from defects;

(f) As constructed, the Watkins Building was not habitable; and

(g) Such other acts or omissions as discovery may disclose.

34. The breach of the implied warranties by CNW was the direct and proximate cause of the damages suffered by Plaintiff.

35. As a direct and proximate result of CNW's breach of its implied warranties, Plaintiff suffered damages as hereinbefore averred in an amount in excess of $150,000.00.

## COUNT IV – NEGLIGENCE
### (T&T)

36. Plaintiff hereby incorporates and realleges the above paragraphs as if each were fully set forth herein.

37. T&T had a duty to install the Watkins Building's membrane roof in a safe, professional and workmanlike manner and to follow the specifications and installation instructions provided by the manufacturers of the components used in the installation of the membrane roof.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

38. T&T breached its duty by *inter alia*:

(a) Improperly installing the Watkins Building's membrane roof;

(b) Failing to install the membrane roof in accordance with the applicable specifications and instructions provided by the manufacturers of the components used in the installation of the membrane roof;

(c) Failing to adhere to national, state and/or local codes and standards for the proper installation of the membrane roof;

(d) Creating or permitting a dangerous and/or defective conditions to exist at the membrane roof when T&T knew or should have known that such conditions would create an unreasonable risk of damage and destruction to Watkins Distributing's property;

(e) Violating the applicable provisions of the Idaho Building Code by failing to install the membrane roof in accordance with the applicable specifications and instructions provided by the manufacturers of the components used in the installation of the membrane roof;

(f) Failing to properly inspect the membrane roof in a thorough and workmanlike manner to insure that it was properly designed, constructed, installed and applied;

(g) Failing to warn of the dangerous and defective condition of the membrane roof which T&T knew or should have known existed and which created an unreasonable risk of harm to the Watkins Building and its contents; and

(h) Such other acts or omissions as discovery may disclose.

39. The aforementioned acts and omissions of T&T were a direct and proximate cause of the Water Loss and damages suffered by Watkins Distributing.

40. As a direct and proximate result of T&T's negligence, Plaintiff suffered damages as hereinbefore averred in an amount in excess of $150,000.00.

## COUNT V – THIRD PARTY BENEFICIARY BREACH OF CONTRACT
### (T&T)

41. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

42. Upon information and belief, T&T performed services for the Watkins Distributing pursuant to subcontracts which were intended to and did directly and substantially benefit the Watkins Distributing.

43. Upon information and belief, T&T was aware of the benefit to the Watkins Distributing under the subcontracts.

44. Watkins Distributing is a third-party beneficiary of the subcontracts.

45. T&T breached its subcontracts and the duties and obligations owed to the Watkins Distributing by, among other things:

    (a) Failing to use reasonable skill and attention in the installation of the membrane roof on the Watkins Building;

    (b) Failing to install the membrane roof on the Watkins Building in a manner that satisfied the building codes and/or standards of municipalities and other government entities with jurisdiction over the construction of the Watkins Building;

    (c) Failing to take commercially reasonable measures to ensure the construction and installation of the membrane roof on the Watkins Building was completed in a workmanlike manner;

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

(d) Failing to install the membrane roof in accordance with the applicable specifications and instructions provided by the manufacturers of the components used in the installation of the membrane roof;

(e) Failing to act with due care in the performance of the subcontract contract;

(f) Failing to exercise its best skill and judgment;

(g) Failing to correctly install the membrane roof on the Watkins Building;

(h) Failing to properly inspect and supervise the installation of the membrane roof on the Watkins Building;

(i) Failing to ensure that the membrane roof on the Watkins Building was installed in a manner that it did not fail in a foreseeable wind storm;

(j) Such other breaches of the subcontract as discovery may disclose.

46. The aforementioned breach of the subcontract by T&T was a direct and proximate cause of the Water Loss and the damages suffered by Plaintiff.

47. As a direct and proximate result of T&T's breach of the subcontract, Plaintiff suffered damages as hereinbefore averred in an amount in excess of $150,000.00.

## ATTORNEYS FEES AND COSTS

Plaintiff, as a result of Defendants' conduct, has been required to retain the services of Cozen O'Connor, and has and will incur reasonable attorney fees and costs. Plaintiff makes claim against Defendants for attorney fees and costs incurred in the pursuit of this action, pursuant to the provisions of Idaho Code §§ 12-121 and 12-120(3), Rule 54 of the Idaho Rules of Civil Procedure, applicable contracts and any other applicable statute or other common law provision.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in accordance with the provisions of Rule 38 of the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, AMCO Insurance Company prays the Court as follows:

1. That Plaintiff be awarded such consequential and incidental damages as may be proven at trial;

2. That Defendants be found joint and severally liable;

3. That Plaintiff have and recover from Defendants the costs of this action, including its reasonable attorney's fees;

4. That Plaintiff be awarded pre and post judgment interest;

5. That all issues of act be tried by a jury; and

6. That Plaintiff have and recover such other relief as this Court deems just and proper.

DATED this 15th day of January, 2012.

COZEN O'CONNOR

By: _____
Megan L. McFarland, ISB# 7976
Attorney for Plaintiff AMCO Insurance Company

SEATTLE\1223252\1 276773.000

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

21